

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**ZACHARY KALMBACH**
*Assistant Corporation Counsel*
phone: (212) 356-2322
fax: (212) 356-3509
zkalmbac@law.nyc.gov

April 16, 2020

**VIA ECF**
Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007



  Re: Christian Brown v. City of New York, et al.
     19 Civ. 5347 (KPF)

Your Honor:

  I represent defendants the City of New York, Eric Simon Jr., and Sherma Dunbar in the above-referenced action. Defendants write to respectfully request that the Court extend the current stay of discovery an additional ninety (90) days, until July 16, 2020. This is defendants' second request for a stay of discovery. Defendants have not sought plaintiff's consent to this request as he is currently incarcerated and proceeding *pro se*.

  By way of background, on March 17, 2020, defendants requested a thirty (30) day stay of discovery in this action due to limitations caused by the current coronavirus pandemic (ECF No. 35). On March 17, 2020, the Court granted defendants' request, and ordered defendants to update the Court on or before April 17, 2020, as to whether they are able to proceed with discovery (ECF No. 36).

  As the Court is aware, the country is still grappling with the coronavirus pandemic. Since defendants filed their March 17, 2020 request for a stay of discovery, Governor Andrew Cuomo, on March 20, 2020, issued an executive order mandating that all non-essential businesses in New York State close, and that New York residents stay inside their homes unless participating in an essential activity. Also on March 20, 2020, the Southern District issued a memorandum to the Bar that set forth additional emergency protocols, including limitations on courtroom use and operations for both criminal and civil matters. To comply with Governor Cuomo's latest executive order, and in light of pronouncements from other governmental and judicial officials, expert recommendations, and the further spread of the coronavirus, the New York City Law Department is requiring that the vast majority of its employees work from home, including the undersigned.

Of course, working from home creates a number of challenges that directly impact litigation. For example, corresponding with incarcerated *pro se* plaintiffs is particularly difficult in the context of a work from home situation, because the normal course of communication with these individuals is through regular mail. Defendants are not physically present to receive mail sent to the office, and therefore are unable to reliably receive correspondence from incarcerated *pro se* plaintiffs. Moreover, working from home also complicates sending correspondence to incarcerated *pro se* plaintiffs, and undermines efforts to keep individuals at home and away from situations that could result in contracting the virus.[1]

Working from home also creates accessibility problems in regards to documents and files. Although some documents can be easily accessed remotely by electronic means, many documents cannot be so accessed, because of variables such as format or size. This inaccessibility prevents defendants from having all the information necessary to, *inter alia*, fully assess cases, respond to plaintiff's demands, and otherwise conduct regular business.

Finally, the agencies defendants must regularly communicate and coordinate with, *e.g.*, the Department of Correction ("DOC"), are facing these same communication and access challenges as they pursue compliance with Governor Cuomo's executive order and seek to protect the health and safety of the individuals in their organizations. These challenges have already made the fulfillment of document and information requests delayed or impracticable. Such delays and problems are expected to continue until individuals are allowed to return to their offices.

Defendants assure the Court that they remain committed to moving this case forward as expeditiously as possible, but continue to ask for leniency in these trying circumstances. Accordingly, defendants respectfully request that the Court extend the current stay of discovery an additional ninety (90) days in light of the developing situation surrounding the coronavirus. Defendants thank the Court for its consideration in this matter.

Respectfully submitted,

/s/ *Zachary Kalmbach*
Zachary Kalmbach
*Assistant Corporation Counsel*
Special Federal Litigation Division

---

[1] As a result of this limitation, the undersigned is currently unable to print and mail this application to plaintiff. However, the undersigned will attempt to do so as soon as practicable.

cc: **VIA Regular Mail**
Christian Brown
*Plaintiff* pro se
B&C 8951700706
Otis Bantum Correctional Center
16-00 Hazen Street
East Elmhurst, New York 11370

Application GRANTED.  Given current conditions, the Court believes it is
appropriate to continue the stay in this action.  Accordingly, this action
remains STAYED until July 15, 2020.  The Court ORDERS Defendants to update
the Court by July 15, 2020, as to whether discovery may safely resume.  Of
course, if discovery may be resumed prior to that date, the Court expects
Defendants to inform the Court in an expeditious manner.

Dated:    April 16, 2020          SO ORDERED.
          New York, New York

                                  *[signature: Katherine Polk Failla]*

                                  HON. KATHERINE POLK FAILLA
                                  UNITED STATES DISTRICT JUDGE

*A copy of this Order was mailed by Chambers to:*

    Christian F. Brown
    ID: 8951700706
    O.B.C.C.
    1600 Hazen Street
    East Elmhurst, NY 11370